UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:09-CV-93 |
| v. | ) ) | |
| A.S. SUMERLAN, INC., | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund's ("the Trustee") Motion for Default Judgment and Supplemental Motion for Default Judgment. [DE 10, 14.] Because Defendant A.S. Sumerlan, Inc. has failed to respond to the Trustee's Complaint or the Trustee's motions for default judgment, and because the Trustee has sufficiently proven its damages, this Motion is **GRANTED**.[1]

## BACKGROUND

The Trustee brought this action against Sumerlan on December 18, 2009. [DE 1.] Sumerlan's registered agents received service of the complaint and summons by certified mail on December 29, 2009 and January 5, 2010 at two different addresses. [DE 5, 6.] Sumerlan failed to appear, plead or otherwise defend the lawsuit as required by the Federal Rules of Civil

---

[1] After it filed its Motion for Default Judgment [DE 10], the Trustee filed a Supplemental Motion for Default Judgment [DE 14], which is identical to the original except it includes an additional exhibit. Hereinafter, I will treat the two motions as one.

Procedure. Accordingly, the Trustee moved for entry of default on April 19, 2010 [DE 7], which the clerk entered on April 20, 2010 [DE 8]. After the clerk entered default under Rule 55(a), the Trustee filed its Motion for Default Judgment on November 10, 2010 [DE 10], followed by its Supplemental Motion for Default Judgment on November 23, 2010 [DE 14].

In the complaint, the Trustee asserts that Sumerlan violated the Employee Retirement Income Security Act by failing to make deductions and payments required by the parties' collective bargaining agreement. [DE 1.] In the pending motion, the Trustee asks the Court to order Sumerlan to pay (1) $8,178.26 in unpaid contributions; (2) $1,319 in attorney's fees; and (3) $350 in costs. [DE 14.] In support, the Trustee submitted an affidavit from Ellen Densborn, the Trustee's administrator [DE 14-1], along with a report by the Certified Public Accountants, Romolo & Associates, detailing the amount of contributions owed by Sumerlan. [DE 14-3]. The Trustee also included an affidavit from attorney Charles Berger regarding attorney's fees. [DE 14-2.]

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk already entered a default, this Court may now enter a default judgment

under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). Courts may consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F. Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.).

In this case, the grounds for default are established. This case has been pending since December 2009, but Sumerlan has not answered, entered an Appearance through counsel, or responded to the Trustee's motions for default judgment. The default is thus not a simple technicality. No material issues of fact have been presented due to Sumerlan's failure to participate in the lawsuit. Additionally, delay in judgment will prejudice the Trustee, which is entitled to receive the contribution payments that Sumerlan owes. Finally, since the Trustee's damages are quite low, default judgment will not have a harsh effect on Sumerlan. Therefore, the factors weigh in favor of default judgment.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Here, this means that the Court must take as true the Trustee's assertion that Sumerlan failed to make the contributions and payments set forth in the parties' collective bargaining agreement.

Although the well-pleaded allegations of a complaint are generally taken as true, *see id.* at 602, those relating to the amount of damages must be proved. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)).

Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

Here, the Trustee submits Densborn's affidavit along with the accountant's report to prove the unpaid contributions owed by Sumerlan. [DE 14-1, 14-3.] Densborn's affidavit states that the total amount that the Trustee claims in damages from delinquent contributions is $8,178.26. [DE 14-1, ¶ 6.] And the documents from the audit performed by Romolo & Associates illustrate how this figure was calculated. [DE 14-3.] The report states that the delinquent contributions were for one employee, Lynn Wilson, and they were calculated at a rate of $7.95 for each unreported total hour, arriving at the following contribution amounts for 2009 and 2010:

|       | **Contribution Due ($)** |
|-------|--------------------------|
| **2009**  | $1,446.91            |
| **2010**  | $6,731.35            |
| **Total** | **$8,178.26**        |

*Id.* When all of these figures are totaled, they equal the Trustee's claimed damages of $8,178.26. *Id.* Through Densborn's affidavit and this documentary evidence, the Trustee has sufficiently demonstrated that it is entitled to the damages it claims.

As for the attorney's fees, Berger's affidavit provides a sufficiently itemized statement of

the time spent on each task for which the Trustee seeks fees, along with the rate charged for each task. [DE 14-2.] Therefore, the Trustee is entitled to recover $1,319 in attorney's fees.

## CONCLUSION

For the foregoing reasons, the Trustee's Motion for Default Judgment is **GRANTED.** [DE 10, 14.] Defendant A.S. Sumerlan, Inc. is **ORDERED** to pay Plaintiff Trustees of the Indiana State Council of Roofers Health & Welfare Fund $8,178.26 in delinquent contributions, $1,319 in attorney's fees, and $350 in court costs.

**SO ORDERED**.

ENTERED: December 14, 2010.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT